EBEN MCLELLAN, *Executor*, *versus* WOODBRIDGE C. OSBORNE *& als.*

The defendants became part-owners of a vessel at different times. The prayer in a bill in equity by one of them against the others, for an account, for that period during which *all* were owners, is right; if not thus limited, the bill would be bad for multifariousness.

If the plaintiff, by leave, amend his bill by introducing an additional defendant, costs will be allowed the defendants to the time of amending.

SUIT IN EQUITY. This case has been before the Court at a former term; *ante, p.* 85.

*Evans & Putnam*, for the plaintiff.

*Shepley & Dana*, for the defendants.

The opinion of the Court was drawn up by

DAVIS, J. — The *facts* in this case have all been determined upon a previous hearing. And, although a new party has been summoned in, and his answer has been filed, we do not see any reason to change our former conclusion. All the defendants were part-owners, with the plaintiff, of the barque Susan W. Lind, during the time for which he calls upon them to account.

And there is only one question of law which has not been determined.

The plaintiff became an owner prior to 1852, but, at what time, the case does not show. Sweetser, one of the defenddants, became an owner Nov. 11, 1852. The Chases became owners in 1854. Osborne became an owner in 1857. The bill prays for an account from July 27, 1857, to Sept. 8, 1859. The defendants contend that, if the plaintiff has the right to call upon them, as part-owners, to account, it is for the whole period, since *any. one* of them became a part-owner with him; and that, as the plaintiff has split up his cause of action, by bringing this suit for *a part* of it, only, his bill must be dismissed.

That one cause of action, against the same person, cannot be divided so as to sustain *two suits*, is conceded. But, whether *one* suit cannot be maintained upon *part of an account*, though there are previous accounts unsettled, which may have to be examined, and which may, perhaps, be barred by the judgment, is a different question.

But, could the plaintiff have maintained a suit for an account against all the part-owners for the whole time during which any one had been an owner, thus embracing periods of time when some of the defendants were not owners? Can part-owners at one time thus be joined with other part-owners at another time, in one suit, for an account for the whole period? Would not such a bill in equity be multifarious?

Although the part-owners are tenants in common of the *vessel*, in regard to the *business* of the vessel, and their rights and liabilities for profits and losses resulting therefrom, their relation to each other is the same as that of partners. Abbott on Shipping, c. 111; Story on Partnership, § 441. And, although the accounts, by the ship's husband, may be, for convenience, kept in the name of the vessel, every transfer of any share, by any owner, necessarily creates a new partnership in the business. No part-owner can be held, unless by some extrinsic contract, to account, in any adjustment of profits and losses, except for the specific time during which he was such part-owner. He therefore

has no interest whatever in any other accounts. The case is precisely analagous to a continuing partnership, from which some members have withdrawn, and to which others have been admitted, from time to time. That, *as to each other*, every such change makes a *new firm*, with rights and liabilities entirely distinct from the previous firm, no one will deny.

"If a joint claim," says Chancellor WALWORTH, "against two or more defendants, is improperly joined, in the same bill, with a separate claim against one of those defendants only, in which the other defendants have no interest, and which is wholly unconnected with the claim against them, all or either of the defendants may demur to the whole bill for multifariousness." *Swift* v. *Eckford*, 6 Paige, 22 ; Story's Eq. Pl., § 271 ; 1 Dan. Ch. Pl., 384.

Thus, a bill praying for an account of two distinct firms, made up, in part, of the same persons, was held bad for multifariousness. *Griffin* v. *Merrill*, 10 Md., 264. So a demurrer to a bill against an administrator, praying for an account for rents and profits received by his intestate in his lifetime, and also received by himself individually, was sustained. *Latting* v. *Latting*, 4 Sandf. Ch., 31. And, in a case precisely in point, where three persons had successively withdrawn from a firm, reducing the number from five to two, a bill praying for an account and settlement of the partnership concerns *for the whole time*, was held to be bad for multifariousness, and was dismissed. *White* v. *White*, 5 Gill, 359.

The plaintiff was therefore right in praying for an account only from the time Osborne became a part-owner, all the other owners having become such before that time. Osborne has no interest in the plaintiff's claims against the other owners, or their claims against the plaintiff, upon accounts arising before he became an owner. Had an adjustment of those accounts been prayed for in this suit, it would have been bad for multifariousness. Those accounts cannot

be adjusted except by a suit in which all and only those who were *then* part-owners shall be parties. If such a suit is important to protect the rights of any of the defendants, as between them and the plaintiff, they have the right to commence it; and the Court have the power, if justice requires it, to withhold the final decree in this case, until that can be investigated.

The bill must be sustained, and a master appointed to examine and state the accounts between the parties.

The bill, as originally filed, must have been dismissed for want of proper parties. This objection was taken by the original defendants, and was sustained by the Court. By an amendment, Samuel F. Chase, administrator, has been made a party. Therefore, we give the defendant costs up to the time when the amendment was allowed, to be deducted from the plaintiff's costs, which will be allowed for the whole time.

APPLETON, C. J., KENT, WALTON and DICKERSON. JJ., concurred.